■ In the Matter of the Arbitration between STANLEY ROSEN, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Order, entered on October 2, 1963, unanimously reversed and vacated on the law, without costs, and matter remanded for new trial on issue of whether or not the petitioner was involved in an automobile accident with an uninsured vehicle, as directed by order entered May 5, 1963. It was error for the trial court to receive the petitioner's testimony that the driver of the vehicle involved in the accident made the statement that he had no insurance. Such statement by the driver, made to third persons, following and at the scene of the collision, was inadmissible hearsay. (6 Carmody-Wait, New York Practice, §§ 27, 28, pp. 464–465.) The statement was not admissible as part of the *res gestae* (see *Ingersoll* v. *Liberty Bank of Buffalo,* 278 N. Y. 1; *Tierney* v. *Fitzpatrick,* 195 N. Y. 433; *Handel* v. *New York R. T. Corp.,* 252 App. Div. 142, affd. 277 N. Y. 548); as a declaration against interest (see Richardson, Evidence [8th ed.], ch. XII; Fisch, New York Evidence, ch. 26); nor as an admission against interest by one in privity with or authorized to speak for MVAIC. (See Richardson, Evidence [8th ed.], § 314; Fisch, New York Evidence, § 799; cf. *Rawls* v. *American Mut. Life Ins. Co.,* 27 N. Y. 282; *Eastern Dist. Piece Dye Works* v. *Travelers' Ins. Co.,* 234 N. Y. 441, 455–456; *Martorella* v. *Prudential Ins. Co.,* 238 App. Div. 532, 533.) The petitioner, on the record here, failed to establish by competent evidence that the vehicle involved was an "uninsured automobile" as defined in the MVAIC endorsement. Counsel

for MVAIC, upon the argument, consented to the remanding of the case for a new trial; and, in any event, we would so order in the interests of justice. Furthermore, in such interests, and bearing in mind the legislative purposes of MVAIC and that initially the trial of the issue here was directed on its motion, MVAIC should, prior to the retrial, make available to petitioner such evidence as it may have bearing upon the issue. Concur — Breitel, J. P., Valente, McNally, Stevens and Eager, JJ.