■ MATTHEW E. SCIARRILLO et al., Appellants, v NORTH RIVER INSURANCE COMPANY, Respondent.—Appeal from an order of the Supreme Court at Special Term entered December 30, 1976 in Greene County, which granted defendant's motion for summary judgment dismissing plaintiffs' complaint. Plaintiffs' premises were damaged by fire on April 4, 1975. Plaintiffs filed a proof of loss pursuant to their fire insurance policy. The policy contained a 12-month limit of time to sue for fire loss. Such a limit was mandated by section 168 of the Insurance Law. The defendant rejected all claims on November 26, 1975. A lawsuit was commenced by plaintiffs on June 10, 1976. Defendant moved for summary judgment, raising the one-year Statute of Limitations, which motion was granted. Plaintiffs contend that section 168 of the Insurance Law, which was amended, effective September 1, 1975, to extend to 24 months the inception of suits pursuant to a fire insurance contract, should be applied retroactively to this case. We conclude that section 168 of the Insurance Law cannot be so applied. Ordinarily, Statutes of Limitations are given a prospective construction unless the contrary is clearly indicated (McKinney's Cons Laws of NY, Book 1, Statutes, § 59). The Legislature in passing the amendment gave no indication of an intention to give the statute such effect *(Char-Mo Investors v Market Ins. Co.,* 58 AD2d 589). Plaintiffs also contend that summary judgment was improvidently granted because defendant's conduct was so misleading to plaintiffs as to call into play the doctrine of estoppel. We reject this argument as being entirely without merit. Defendant denied the claim sufficiently in advance of the time limit to commence suit and otherwise did nothing to lull plaintiffs into inaction. Order affirmed, without costs. Mahoney, P. J., Greenblott, Staley, Jr., Mikoll and Herlihy, JJ., concur.