■ MARY MCLEAN et al., Respondents, v CITY OF NEW YORK, Defendant, and HEALTH AND HOSPITALS CORPORATION OF THE CITY OF NEW YORK, Appellant.—In a medical malpractice action, defendant Health and Hospitals Corporation of the City of New York appeals from an order of the Supreme Court, Queens County, dated April 21, 1976, which granted plaintiffs' motion for leave to file a late notice of claim. Order affirmed, with $50 costs and disbursements. In affirming, we do not pass upon the applicability of the "continuous treatment" doctrine set forth in *Borgia v City of New York* (12 NY2d 151). Titone, J. P., Shapiro, Cohalan and Margett, JJ., concur.

■ MONROE SHOPPING CENTER, INC., et al., Respondents, v UTICA MUTUAL INSURANCE COMPANY, Appellant.—In an action, *inter alia,* to declare that certain damage to plaintiffs' septic tank system is covered under the policy of insurance issued by defendant, defendant appeals from an order of the Supreme Court, Orange County, dated July 21, 1977, which denied its motion for summary judgment on the ground that the action had not been timely commenced. Order reversed, on the law, with $50 costs and disbursements, and motion granted. In our opinion the provision on page two of the policy, that "No suit or action on this policy * * * shall be sustainable in any court of law or equity- * * * unless commenced within twelve months next after inception of the loss", applies to the "Vandalism or Malicious Mischief Endorsement". Thus, on the undisputed facts, the instant action is time-barred (see *Proc v Home Ins. Co.,* 17 NY2d 239; *Margulies v Quaker City Fire & Mar. Ins. Co.,* 276 App Div 695). We disagree with respondents' contention that the liberalization clause contained in the policy requires retroactive application of the 1975 amendment to section 168 of the Insurance Law (L 1975, ch 560, § 1, eff Sept. 1, 1975), which changed the standard fire insurance policy's one-year Statute of Limitations to two years (see *Char-Mo Investors v Market Ins. Co.,* 58 AD2d 589, affd 44 NY2d 793). We find no merit to respondents' estoppel contentions (see *Sciarrillo v North Riv. Ins. Co.,* 61 AD2d 1112). Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.

■ In the Matter of the Arbitration between NASSAU INSURANCE COMPANY, Appellant, and EDNA M. PETTIFORD, Respondent.—In a proceeding to permanently stay arbitration, petitioner appeals from a judgment of the Supreme Court, Queens County, dated March 30, 1978, which, *inter alia,* denied the application. Judgment affirmed, with $50 costs and disbursements. Under the guidelines laid down by Mr. Justice Samuel J. Silverman in *Aetna Ins. Co. v Logue* (68 Misc 2d 841) with which we are in complete accord, Special Term properly denied the application and directed the parties to submit to arbitration. Titone, J. P., Shapiro, Cohalan and Margett, JJ., concur.