■ In the Matter of the Arbitration between COUNTRY-WIDE INSURANCE COMPANY, Appellant, and BERNICE LEFF et al., Respondents. — Order of the Supreme Court, New York County, entered October 11, 1979, which upon renewal adhered to its original decision and, *inter alia,* denied Country-Wide's application for a stay of arbitration, reversed, on the law and the facts without costs, and the application granted to the extent of directing a hearing on the issue whether Trans America Insurance Company had issued an insurance policy which covered Joann Stella on the date of the accident, July 8, 1978. The claimants (persons injured), respondents herein, were passengers in an automobile owned by Mary L. Bayer and insured by Country-Wide when that vehicle was involved in a collision with a motor vehicle owned and operated by Ms. Stella. The attorney for the claimants inquired of the Department of Motor Vehicles whether Ms. Stella, whose vehicle was described as a 1969 Pontiac bearing License No. 445 JIX, was insured on July 8, 1978, the date of the accident. In response, the department informed the attorney that the operator's license and owner's registration of Ms. Stella were revoked, under section 318 of the Vehicle and Traffic Law (no insurance). Upon receipt of this information, the claimants' attorney served Country-Wide with a demand for arbitration, pursuant to the uninsured motorists indorsement of Ms. Bayer's policy. On the motion for a stay, Country-Wide submitted a statement obtained from the Department of Motor Vehicles that on May 1, 1978, Plate No. 445 JIX was issued to Ms. Stella for a 1968 Pontiac insured by "INS-395", the department's code number for Trans America. Special Term denied Country-Wide's application, finding that the statement had no probative value to raise an issue as to whether Trans America had issued an insurance policy which covered Ms. Stella on the date of the accident. On renewal of the motion, Special Term adhered to its original holding. Special Term was in error. In *Viuker v Allstate Ins. Co.* (70 AD2d 295, 298-299), it was stated: "once it was established through the letter * * * that Allstate had previously insured * * * plaintiff had made out his prima facie case * * * This much established, it became incumbent upon the insurer (Allstate) to go forward with proof". The statement Country-Wide received from the Department of Motor Vehicles is some proof of coverage by Trans America (although there was an apparent contradiction as to the model year of the vehicle involved), thus requiring Trans America to produce proof to the contrary. In such circumstances Country-Wide is entitled to a stay of arbitration pending a hearing. In order to avoid possible further litigation, it is suggested that Ms. Stella be joined as a party to the proceeding. Trans America by separate motion has moved to dismiss the appeal as moot, on the ground, *inter alia,* that a judgment confirming the arbitrator's award in favor of the claimants was entered in the Supreme Court, Queens County. Trans America also argues that the appeal has become moot because Country-Wide has already paid the arbitration award. Trans America's claim of mootness is without merit. The fact that a judgment to confirm the award was obtained and the judgment paid is irrelevant to a determination of the issue whether Country-Wide is entitled to a stay. Confirmation of an arbitrator's award and vacatur and modification thereof are governed by CPLR 7510 and 7511. There is no ground specified in those sections that would moot or affect a pending application for a stay, nor is there any ground specified in CPLR 7503, governing a stay of arbitration, that would moot this appeal because a judgment was obtained in the proceeding to confirm the award. The arbitration award, which was based upon a finding as to

damages to which claimants were entitled, did not encompass or decide which insurance carrier — Country-Wide or Trans America — would ultimately be responsible. The latter issue is the subject of the hearing we are ordering. Concur — Birns, J. P., Sullivan, Markewich and Yesawich, JJ.

Silverman, J., concurs in a memorandum as follows: It took appellant almost precisely a year to bring up to this court this simple appeal. During that time, as we are informed by the papers on the motion to dismiss the appeal as moot, the arbitration was held resulting in an award to the claimants against the present appellant; the award was confirmed; and the judgment thereon entered on default in the Supreme Court, Queens County (notwithstanding CPLR 7502, subd [a]); and a motion was apparently pending in the spring of 1980 to vacate the judgment of confirmation of the award, among other things, on the ground that the appellant was never served with the moving papers. I think that on the hearing, the court should also consider in the light of the relevant facts and circumstances to be developed at the hearing (a) the question of whether appellant has waived its objection to the arbitration by its participation in the arbitration and unreasonable delay in prosecuting this appeal while the arbitration was proceeding, (b) and the effect, if any, of the judgment in the Supreme Court, Queens County, on the present case.