OPINION OF THE COURT
Harold Hyman, J.
In this proceeding to stay arbitration of an uninsured motorist claim, petitioner contends that a preliminary hearing is required to determine whether or not the offending vehicle was “uninsured and/or *** stolen” on the date of the allegéd occurrence. Respondent opposes this application on the grounds that he is entitled to uninsured motorist coverage by reason of the fact that the offending vehicle was “unregistered”.
On October 5,1980 a vehicle owned by DBA Transit Inc. and operated by respondent Ojomu-Kayoes was allegedly struck by a 1968 Ford, bearing plate No. 424 UDG registered in the name of one Philip Davis. The driver of the offending vehicle was unidentified, having abandoned his vehicle and leaving the scene of the accident shortly after its occurrence. The FS-25 form obtained by the respondent from the Department of Motor Vehicles indicated, “No Registration Record to Cover Date of Accident”. Hence, *615 arguing that this documentary proof establishes that the offending vehicle was unregistered on the date of the accident, respondent claims coverage under the uninsured motorist clause of his policy mandated by subdivision 2-a of section 167 of the Insurance Law.
Respondent claimant’s position is clear. He maintains that insofar as his right to recover from petitioner is concerned, it is immaterial whether the offending vehicle is technically insured as it was unregistered. A careful reading of the afore-mentioned statutory provision appears to confirm that damages sustained by the insured, caused by an accident with “an uninsured motor vehicle, unidentified motor vehicle, * * * a stolen vehicle, a motor vehicle operated without permission of the owner, * * * or an unregistered vehicle”, would independently give rise to the insurer’s obligation to provide uninsured benefits. Indeed, in Matter of Amica Mut. Ins. Co. (Reaves — Selected Risks Ins. Co.) (70 AD2d 811), the appellate court recognized that the right of the insured to pursue her claim in arbitration against the insurer was not dependent upon whether the offending vehicle was insured or uninsured, it being enough that it was stolen. Similarly, in the matter at hand, it is enough that the Davis vehicle was unregistered.
Having met his initial burden of proving that the offending vehicle was unregistered, by submission of a Department of Motor Vehicles FS-25 form (Matter of Rosea [Motor Vehicle Acc. Ind. Corp.], 20 AD2d 704; Matter of Motor Vehicle Acc. Ind. Corp. v Mahoney, 46 Misc 2d 3, affd 25 AD2d 821; see McCarthy v Motor Vehicle Acc. Ind. Corp., 16 AD2d 35, affd 12 NY2d 922), the burden then shifted to the petitioner insurer, to prove that the offending vehicle in question was registered. (See Matter of Amica Mut. Ins. Co. [Reaves — Selected Risks Ins. Co.], supra, p 812.) However, the petitioner has failed to introduce sufficient evidence to rebut the prima facie case made out by respondent. In the matter at bar, the FS-25 form constituted prima facie proof that the Davis vehicle was unregistered. (See Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski, 79 AD2d 1029.) If there was an issue with regard to whether or not the Davis vehicle was unregistered, that might be a basis to refer this matter for a *616 preliminary trial. Yet, petitioner chooses instead to harp on whether or not the respondent has sufficiently met his burden to prove that the Davis vehicle was “uninsured” or operated without the permission of the owner, rather than dispute the documentation that the offending vehicle was unregistered at the time of the accident.
Petitioner has a statutory duty to investigate claims that are presented to it by policyholders and other claimants (11 NYCRR 216.5). This petitioner, however, has apparently failed to undertake any investigation to ascertain the insurance and/or registration status of the offending vehicle. Under the circumstances, therefore, the so-called “issues” raised by petitioner are not enough to warrant a stay of the arbitration pending a preliminary hearing. (Matter of Nassau Ins. Co. v Pettiford, 65 AD2d 770; Aetna Ins. Co. v Logue, 68 Misc 2d 841.)
Accordingly, the petition is dismissed and the parties are directed to proceed to aribtration.