■ In the Matter of the Arbitration between ZURICH-AMERICAN INSURANCE COMPANY et al., Respondents, and NANCY SILVA, Respondent. BALBOA INSURANCE COMPANY, Appellant. — Order and judgment of the Supreme Court, New York County (Egeth, J.), entered November 27, 1981, which, *inter alia,* stayed the arbitration proceeding brought under the uninsured motorist provision by respondent Nancy Silva against petitioner Zurich-American Insurance Company and adjudged that on August 27, 1981, the vehicle owned by Custom Auto Leasing, Inc. and bearing License No. 974 GMB was insured by Balboa Insurance Company, is reversed, on the law and the facts, the judgment vacated and the matter remanded for a new trial, with costs and disbursements to abide the event. On August 27, 1978, respondent Silva, a passenger in a motor vehicle owned and operated by Servando Marte, was allegedly injured when the car in which she was riding collided with one owned by Custom Auto Leasing, Inc. and operated by Reinaldo Rodriguez. Petitioner Zurich-American Insurance Company (Zurich) insured Marte pursuant to a policy which contained an uninsured motorist indorsement. When respondent-appellant Balboa Insurance Company (Balboa) denied that it insured Custom, Silva demanded arbitration against Zurich under the uninsured motorist provision. Zurich thereupon commenced a proceeding to stay arbitration. A hearing ensued during which the trial court admitted into evidence, over Balboa's objection, an FS-25 form prepared by the Department of Motor Vehicles. At the conclusion of the hearing, the court found that Balboa was the insurer of Custom Auto Leasing on the date of the accident. On appeal, Balboa argues that it was error to receive the FS-25 form into evidence, since this document is not a certificate or affidavit of a public officer within the requirement of CPLR 4520, nor is it a record maintained in the regular course of business by the Department of Motor Vehicles. According to Balboa, the FS-25 form represents no more than the results of a search conducted by an employee of the department and is, therefore, hearsay. Balboa further asserts that the receipt of the FS-25 was in violation of the best evidence rule. In view of the fact that an insurance policy is a contract, the best evidence of the contract is the policy itself which only the purported insured, Custom Auto Leasing, could produce, and no one from that company was called as a witness. Balboa also claims that its proof of a memorandum from General Accident Group, dated April 8, 1981, to Balboa's investigative agency to the effect that General Accident had

insured Custom Auto Leasing from December 17, 1977 to May 15, 1978, made it encumbent upon General Accident to demonstrate that it had validly canceled its policy with Custom Auto Leasing. Finally, Balboa states that in the interest of justice, a new trial should be directed in order to permit General Accident to show the validity of its cancellation. Since the General Accident memorandum indicates that its policy with Custom Auto Leasing was terminated several months prior to the accident in question, it in no way constitutes evidence that it was Custom's insurer on August 27, 1978. However, Balboa's contentions regarding the FS-25 form have merit. The Commissioner of the Department of Motor Vehicles is not mandated to file the result of an insurance search "in a public office of the state" (CPLR 4520), nor is the form a public document. Moreover, the court never considered whether the form was admissible as a business record (CPLR 4518, subd [a]). Thus, the introduction into evidence of the FS-25 form was reversible error. A new trial is also mandated in the interest of justice in that the dispute between General Accident and Balboa was not adequately litigated. General Accident, which admitted coverage but alleged that the policy had been canceled, never produced its underwriting file on Custom Auto Leasing despite the fact that Balboa denied ever insuring Custom. Concur — Sullivan, Asch and Milonas, JJ.

Kupferman, J. P., and Silverman, J., concur in a memorandum by Kupferman, J. P., as follows: I concur in the result. The FS-25 had sufficient probative force to shift the burden of proof to Balboa to demonstrate that it was not the insurer. (See *Matter of Country-Wide Ins. Co.* [*Leff*], 78 AD2d 830.) On the other hand, General Accident had the burden of proof on the issue of whether it had validly canceled its insurance. (See *Wilkerson v Apollon,* 81 AD2d 141.) Neither of these two insurance companies sustained its burden, General Accident not even having its underwriting file at the hearing. Under the circumstances, a new trial should be granted.