OPINION OF THE COURT
Diane A. Lebedeff, J.
This case presents the single issue of the effective date of coverage under an insurance policy issued pursuant to New York State’s assigned risk automobile insurance program. It is uncontested that the plaintiff was awarded a default judgment for $1,422.01 against the insured and then commenced this suit directly against the defendant insurance company as is permitted by section 167 of the Insurance Law. The dispute is limited to whether the policy became effective before or after the accident.
I
It requires a close examination of the rules governing assigned risk automobile policies to determine the effective dates of insurance coverage. The assigned risk program was created pursuant to section 63 of the Insurance Law and, in accord with those provisions, an entity was created *627 which was named the New York Automobile Insurance Plan. Its procedures are promulgated in a manual entitled the “New York Automobile Insurance Plan”, which were approved by the State Superintendent of Insurance and which are hereinafter referred to as the “Plan Rules”. It appears that an assigned risk policy for an individual passenger automobile, as is involved here, may come into being in three different ways.
The first method is by application to a broker who may issue a “temporary identification card”. Although the broker’s obligations are not clearly presented, it does appear that such a broker must receive an application and premium deposit before issuance of a temporary identification card. See, generally, section 11 of the Plan Rules and, more particularly, section 11 (F) (1) (c). If a broker’s temporary identification card is used to register the vehicle, coverage commences upon registration of the vehicle. (Plan Rules, § 11 [F] [1].) See, also, Aetna Cas. & Sur. Co. v Providence Washington Ins. Co. (55 AD2d 924, mot for lv to app den 42 NY2d 803), affirming an estoppel to deny coverage although the insurer had not received notice of assignment of the risk under the special circumstances of that case as presented in the opinion of the trial court (Supreme Ct, Nassau County, Index No. 13820/75, Derounian, J.).
The second method is one in which the assigned risk plan itself establishes the date of coverage. (See, generally, Plan Rules, § 12 [A].) In such a case, the broker has not issued a temporary identification card and submits the application form and deposit to the plan. The plan itself establishes the effective date, which may not be before the receipt of the application and deposit by the plan. The plan may issue a temporary identification card to the insured under this method.
The third method is one in which the effective date is established by the insurance company itself under section 14 (A) of the Plan Rules. This procedure is to be used only if the commencement date is not established under one of the two ways outlined above.
In the instant case, the plaintiff believes that the policy came into being under the first procedure, which would *628 advance coverage to a date preceding the accident. The insurance company argues that it assigned an effective date to the policy as it was instructed to do by the assigned risk plan, presumably consistent with the second procedure, and that such date of coverage fell after the accident.
II
The plaintiff rested its proof as to the effective date of insurance coverage upon the presentation of a memorandum produced by the New York State Department of Motor Vehicles which stated that the policy had become effective upon the date of registration. That memorandum, known as an “FS-25”, is the subject of question as to its admissibility and probative value. (Cf. Matter of Zurich-American Ins. Co. [Silva-Balboa Ins. Co.], 89 AD2d 542; Matter of Country-Wide Ins. Co. [Leff], 78 AD2d 830; Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski, 79 AD2d 1029.) As the Appellate Division, First Department, stressed, the memorandum is not an official public document.
More probative evidence clearly is available. The plaintiff’s contention is that the offending vehicle was registered pursuant to proof of insurance in the form of an insurance broker’s temporary identification card indicating assigned risk coverage. That card should be deposited either with the Department of Motor Vehicles or the assigned risk plan office as is required under clauses (b) and (c) of section 11 (F) (1) of the Plan Rules, and should be subject to subpoena.
Witnesses may also be called to attempt to establish the commencement date of a policy, as was done in Seaver v Massachusetts Bonding & Ins. Co. of Boston, Mass. (7 NY2d 950) and Cary v Atlantic Mut. Ins. Co. (16 AD2d 867). It is noted that these two cases also concern assigned risk automobile insurance policies issued under the third method outlined above and involved effective dates of coverage established by the insurance companies.
The insurance company presented its file into evidence. The policy rested upon an application signed one day after the accident. The application had been transmitted under the cover of an Automobile Insurance Plan form advising the defendant that it had been designated to issue an *629 insurance policy to be effective on a date set by the plan, which date was prior to the receipt of the notice of designation by the company. This procedure was entirely consistent with a policy issued under the second method outlined above. Such a policy could not be effective prior to the receipt of the application by the plan office, which occurred necessarily after the accident took place.
Ill
The court determines upon the law and the evidence that the defendant’s insurance policy was not in effect at the time of the accident. The question of whether the insured’s failure to report the accident is a defense against liability is not reached. That failure would be consistent with the insured’s possible belief that coverage commenced only after the accident.
Based upon the foregoing, judgment is granted to the defendant, who is awarded costs and disbursements, and the complaint is dismissed.