■ SUPERINTENDENT OF INSURANCE, as Liquidator of RESOURCES INSURANCE COMPANY, Appellant, v JOHN J. LILLEY, Respondent. — Order of the Supreme Court, New York County (Allen Murray Myers, J.), dated January 19, 1983, which denied the motion by respondent Resources Insurance Company to confirm the referee's report disallowing the claim and granted claimant's cross motion to disaffirm, is reversed, on the law, the cross motion to disaffirm denied and the motion to confirm granted, without costs or disbursements. The instant claim is for personal injuries arising out of an accident between the claimant's automobile and an allegedly uninsured vehicle owned and operated by Iran Clark. A hearing was subsequently conducted before a referee for the purpose of determining whether the claimant's uninsured motorist coverage applied to the situation in question. In the course of the proceedings, the claimant testified to the facts of the accident and submitted an accident report indicating that the license number of the other vehicle was 269NHQ. He also offered Motor Vehicle Bureau form FS-25, request for registration and/or insurance information form, which contained an incorrect plate number, 219NHQ. Apparently based on this discrepancy, the referee found that the claimant had failed to demonstrate that the Clark vehicle was uninsured and recommended the disallowance of the claim by respondent's liquidator, the New York State Superintendent of Insurance. Special Term, however, denied respondent's motion to confirm and granted the cross motion to disaffirm on the ground that the insurer, not the claimant, bears the burden of establishing the insurance coverage of the offending vehicle. ¶ We disagree. This court has previously held that it is incumbent upon the claimant to establish by competent evidence that the vehicle involved was an uninsured automobile. (*Matter of Rosen [MVAIC]*, 20 AD2d 704; see, also, *McCarthy v MVAIC*, 16 AD2d 35.) The cases cited by the claimant and relied upon by Special Term are distinguishable. (*Matter of Len [Lumbermen's Mut. Cas. Co.]*, 80 AD2d 682; *Matter of Kuhn [MVAIC]*, 31 AD2d 707.) In both of those instances, the insurer was requesting a stay of arbitration, and the burden of justifying a stay is on the party seeking the stay. Here, the claimant did not file for arbitration and, indeed, such a proceeding would be automatically stayed by the order of liquidation. ¶ It is evident that the claimant herein did not sustain his burden of proving that the offending vehicle was uninsured. The confusion over the plate number was caused by the claimant himself, or one of his agents, in incorrectly transposing the license plate number from the motor vehicle accident report to the insurance information request form. Consequently, Special Term was not warranted in denying the motion to confirm. Concur — Sandler, Ross, Silverman and Milonas, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would affirm for the reasons stated at Special Term by Justice Allen Murray Myers. I would add that inasmuch as what is involved is an uninsured motorist provision of an insurance policy issued by the defendant Resources Insurance Co., now in liquidation, to its own client, there is all the more reason why the insurance company should bear the burden of establishing the insurance coverage of the offending vehicle.