OPINION OF THE COURT
Robert A. Harlem, J.
The defendants move to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 5), based upon the expiration of the Statute of Limitations as set forth in subdivision 2-b of section 3813 of the Education Law.
The action is brought to recover certain sums claimed to be owed to the plaintiff by the defendants under a contract of employment. On December 13, 1979, the plaintiff formally announced his intention to retire as the Superintendent of Schools for defendants, effective June 30,1980. The plaintiff asserts that in April, 1980 he was directed by the defendants to use his accumulated vacation days on or before June 30, 1980. It is further claimed that the defendants refused to compensate the plaintiff for accumulated and unused sick leave in derogation of the terms of the contract of employment. A notice of claim was served on June 2,1980, and the summons and complaint were served on February 23, 1983.
The defendants raise no question concerning the timeliness of the notice of claim, but they contend that the action is barred by the one-year limitation period established by subdivision 2-b of section 3813 of the Education Law which went into effect on July 31, 1981. The plaintiff takes the position that the newly created limitation period does not apply, since the cause of action accrued before the effective *447 date of the statute, and the standard six-year period for contract actions controls.
During the 1981 legislative session, chapter 855 was adopted creating subdivisions 2-a and 2-b under section 3813 of the Education Law. Subdivision 2-a relates to the extension of time to serve a notice of claim, and subdivision 2-b contains the same one-year limitation period as is set forth in section 50-i of the General Municipal Law.
This would seem to be a case of first impression as it relates to this particular statute. No reported cases construing the application of this statute have been uncovered. Examination of the correspondence and memoranda of various interested governmental, Bar and educational bodies concerning the merits of the amendments reveals that the focus was almost exclusively on subdivision 2-a. The only document which arguably addresses the issue faced in this action is an analysis submitted by the State Division of the Budget, dated July 16, 1981, that, while primarily speaking to the effect of subdivision 2-a, notes that “This bill would take effect immediately, but its provisions would not affect contractual claims entered prior to its approval.”
Section 59 of the treatise on Statutes (McKinney’s Cons Laws of NY, Book 1) addresses the matter of the enactment of Statutes of Limitation as well as the effect which is given to such laws. It is noted therein that there is dicta to the effect that Statutes of Limitation are usually retroactive, and it cites Acker v Acker (81 NY 143) as a pronouncement of such retroactive effect. It is noted, however, that the statute construed expressly provided for such retroactivity. It is concluded in that section that Statutes of Limitation ordinarily are to be given prospective construction in the absence of language to the contrary (see, also, 35 NY Jur, Limitations and Laches, § 21).
In Sciarrillo v North Riv. Ins. Co. (61 AD2d 1112), the Third Department declined to give retroactive application to a lengthening of the limitation period contained in section 168 of the Insurance Law, observing that, absent some indication of an intention on the part of the Legislature that the statute should be given retroactive effect, such statutes will be applied prospectively only.
*448 In view of the observations made, the motion to dismiss is denied, without motion costs.