■ In the Matter of AMERICAN SECURITY INSURANCE COMPANY, Appellant, v MANUEL FERRER et al., Respondents.

Respondent Manuel Ferrer sustained serious injuries when he was thrown from his motorcycle in an August 27, 1982 Bronx collision with a vehicle owned by Maria Velasquez of Union City, New Jersey, and driven by Jose Velasquez of The Bronx. By notice dated February 24, 1983, Ferrer demanded arbitration with petitioner American Security Insurance Company, his insurer, of an uninsured motorist claim arising from this accident. American Security commenced this proceeding to stay such arbitration, arguing there were issues of fact as to the insurance status of the offending vehicle's owner and operator. Petitioner alleged the police report of the accident noted insurance code "011", that of Allstate, for the offending vehicle and also indicated the identity of the operator, who through a check with the New York State Department of Motor Vehicles was found to have been insured by Firemen's Fund under a policy covering a different vehicle, whose registration expired in August 1981.

In an order dated June 29, 1983, Special Term granted a preliminary stay of arbitration and directed that Allstate Insurance Company and Firemen's Fund Insurance Company be made parties to this proceeding.

At the hearing, it was stipulated that the validity of Allstate's cancellation of the owner's New Jersey policy would have to be determined under New Jersey law, not under Vehicle and Traffic Law § 313 or cases thereunder. When American Security's counsel attempted to prove Allstate's coverage as of the time of the accident, based upon the police report's notation of the "011"

code, the court sustained respondent's hearsay objection. Because of this ruling, petitioner's counsel conceded he could not proceed against Firemen's Fund, as its case with respect to the offending vehicle's driver was premised upon the police report's identification of Jose Velasquez as the driver. Accordingly, the court found American Security had failed to sustain its burden of proof that either Allstate or Firemen's Fund, respectively, had insured the offending vehicle's owner or operator at the time of the accident. It directed arbitration of the uninsured motorist claim to proceed.

The party seeking a stay of arbitration must initially present a prima facie case of issuance of an insurance policy with an initial expiration date beyond the date of the accident. The burden then shifts to respondents to rebut this prima facie case by establishing affirmative defenses of nonrenewal or cancellation (*Matter of Country-Wide Ins. Co. [Leff]*, 78 AD2d 830).

The court's preclusion of the police report was erroneous. The driver of the offending vehicle was under legal compulsion to produce the insurance identification card upon request of the police officer. Since the card itself was admissible as an exception to the hearsay rule, proof of the card's presentation would render the insurance code contained in the police report admissible and shift the burden to respondents to come forward with evidence of noninsurance or cancellation (*Matter of Eagle Ins. Co. v Olephant*, 81 AD2d 886).

The fact that the offending vehicle was registered in New Jersey is irrelevant. The accident occurred in New York and, hence, the police officer could properly demand the vehicle owner's insurance card from the operator (Vehicle and Traffic Law §§ 312, 319 [3]; § 600).

As to the operator, the relevant information in the police report concerned his identity, and the operator of a vehicle involved in an accident is not entitled to withhold his identity (Vehicle and Traffic Law § 600).

In addition, Allstate's previous coverage of the offending vehicle's owner through the date of the accident was established by respondent Ferrer's own papers on the initial motion at Special Term, indicating the Allstate policy ran through December 1982. The cancellation notice clearly indicates Allstate issued a policy to the owner of the offending vehicle which had an initial expiration beyond the date of the accident.

As to the offending vehicle's operator, the Motor Vehicle Department abstract fails to indicate that Firemen's Fund had ever issued a policy extending to the date of the accident, but

rather it merely showed the last transaction the operator had with the Department of Motor Vehicles was registration of another vehicle whose registration expired August 14, 1981, more than one year prior to the subject accident. Thus, American Security made out a prima facie case of insurance coverage of the offending vehicle's owner by Allstate, but not of the offending vehicle's operator by Firemen's Fund. Since Allstate and Ferrer were never given the opportunity to rebut the petitioner's showing, so as to establish a valid cancellation of the owner's policy under New Jersey law, a new trial must be directed as to this issue. Concur — Ross, J. P., Carro, Asch and Bloom, JJ.