■ COUNTRY-WIDE INSURANCE COMPANY, Respondent, v LORRAINE DONERO et al., Appellants.—Judgment, Supreme Court, New York County (Alvin F. Klein, J.), dated July 29, 1985, which stayed respondent from arbitrating an uninsured motorist claim with petitioner, unanimously reversed, on the law, with costs, the petition to stay arbitration is dismissed, and the parties are directed to proceed to arbitration.

On February 10, 1982, while respondents-appellants were in an automobile which they owned, and which was insured by petitioner Country-Wide Insurance Company, their car was struck in the rear by another car which left the scene without exchanging license or insurance information. It was later determined (and stipulated by petitioner at trial) that the license plate number of the hit-and-run vehicle, which had been noted by one of the respondents, had not been registered since 1978.

Respondents served upon Country-Wide a demand for arbitration pursuant to the statutory uninsured motorist indorsement in their policy (Insurance Law § 3420 [f] [1]). Country-Wide thereupon commenced the instant special proceeding and application for a judgment to stay arbitration (CPLR 7503 [b]). After a preliminary trial on the issue of whether the offending vehicle was uninsured on the date of the accident, the court granted Country-Wide a stay of arbitration and denied respondents' motion to dismiss the petition on the ground that "the burden of proving that the offending vehicle

was uninsured rests upon the claimant", citing language from our memorandum opinion in *Superintendent of Ins. v Lilley* (100 AD2d 807). In *Lilley,* however, we took care to distinguish two cases which placed the burden on the insurer *(Matter of Len [Lumbermens Mut. Cas. Co.],* 80 AD2d 682; *Matter of Kuhn [MVAIC],* 31 AD2d 707) in language directly dispositive of this appeal: "In both of those instances, the insurer was requesting a stay of arbitration, and the burden of justifying a stay is on the party seeking the stay. Here, the claimant did not file for arbitration".

In *Matter of American Sec. Ins. Co. v Ferrer* (110 AD2d 503, 504), we recently observed: "The party seeking a stay of arbitration must initially present a prima facie case of issuance of an insurance policy with an initial expiration date beyond the date of the accident. The burden then shifts to respondents to rebut this prima facie case by establishing affirmative defenses of nonrenewal or cancellation *(Matter of Country-Wide Ins. Co. [Leff],* 78 AD2d 830)." *(See also, Matter of State Wide Ins. Co. v Libecci,* 104 AD2d 893, 895 [2d Dept 1984].)* Country-Wide, having failed to introduce at trial any evidence of an insurance policy covering the offending vehicle, and indeed the only existing evidence pointing toward the conclusion that the vehicle was not insured on the date in question, the judgment appealed from must be reversed and the parties directed to proceed to arbitration.

In view of our holding on the issue discussed *(supra),* which is dispositive of this appeal, we need not address appellants-respondents' additional argument that they had a right to proceed to arbitration, independent of whether the offending vehicle was insured or uninsured, solely on the basis that the offending vehicle was unregistered. *(See, Matter of American Sec. Ins. Co. v Ojomu-Kayoes,* 111 Misc 2d 614.) Concur— Sandler, J. P., Asch, Kassal, Rosenberger and Wallach, JJ.