■ In the Matter of NEW YORK CENTRAL MUTUAL FIRE INS. Co., Appellant, v NICHOLAS MARCHESI, Respondent. [655 NYS2d 515] —Order, Supreme Court, New York County (Louis York, J.), entered on or about October 2, 1996, which denied petitioner's motion to stay arbitration of respondent's underinsured motorist claim, unanimously affirmed, without costs.

We affirm the result directing the parties to proceed to arbitration, but not for the reason given by the motion court, which was that the issue of whether respondent's notice of claim was given "as soon as practicable" necessarily requires contract interpretation and is therefore for the arbitrator, not the court, to decide. Rather, the arbitrability of the timeliness of the notice is a threshold judicial issue that depends on the scope of the arbitration agreement in the subject policy, which is not to be found in the record. As petitioner insurer was the party seeking a stay of arbitration, the burden was on it to make a record justifying that relief (*see, Country-Wide Ins. Co. v Donero,* 121 AD2d 325), which, in the absence of the arbitration agreement, it failed to do. Concur—Murphy, P. J., Rosenberger, Rubin and Mazzarelli, JJ.