OPINION OF THE COURT
Herman Cahn, J.
Petitioner Travelers Property Casualty Co. (Travelers) seeks to stay arbitration proceedings sought by respondents Pierre and Idee Schoenheimer, and to require a hearing regarding *826 respondents’ allocation of the proceeds of a personal injury settlement, which petitioner labels as “deceptive”.
Respondents were involved in an automobile accident. Pierre Schoenheimer was operating the vehicle, which belonged to Meyer German, his father-in-law. Idee Schoenheimer, Pierre’s wife, and her parents, Meyer and Beatrice German, were passengers in the vehicle. The car was struck by a vehicle owned and operated by one Herbert Anderson, whose vehicle crossed over the median. The Germans and Schoenheimers instituted an action against Anderson for serious personal injuries sustained by each of them. Anderson’s insurance carrier tendered the full amount of its split limit policy of $250,000/ 500,000. The attorney for the respondents, who also represented them and the Germans in the action against Anderson, maintains that only the Germans settled their claims and received the full settlement proceeds tendered by Zurich, and that the Schoenheimers did not settle.
The Schoenheimers filed a demand for arbitration against the underinsured portion of the German’s policy, written by Travelers, which has a limit of $50,000/100,000. Travelers contends, upon information and belief, that the Schoenheimers also filed for arbitration against the underinsured portion of their own policy, which has a $500,000 single limit.
Travelers maintains that the Germans and Schoenheimers colluded to wrongfully compromise its rights by deceptively allocating the proceeds of the underlying personal injury action. It argues that by allocating the total proceeds only to the Germans, the plaintiffs in the Anderson claim are acting wrongfully. Travelers argues that the court should, after conducting a hearing, impose a de facto allocation of the underlying personal injury settlement proceeds of $125,000 for each of the injured parties.
An insurance company seeking to stay an underinsured motorist arbitration must establish its entitlement to such relief. (Country-Wide Ins. Co. v Donero, 121 AD2d 325 [1st Dept 1986].) In order to do so, the petitioner must demonstrate its entitlement to a stay, or a hearing on its request for a stay, by more than mere unsubstantiated conjecture that there was something amiss. (Matter of Eagle Ins. Co. v Battershield, 225 AD2d 545 [2d Dept 1996].)
Travelers has not raised any allegation, substantiated or otherwise, that the Germans’ injuries were not severe enough to warrant receipt of the full amount of Anderson’s policy. In fact, the only information before the court bearing on the se *827 verity of the injuries is Travelers’ representation that each of the injured parties was seeking $3 to $5 million as compensation for his or her injuries, in addition to $1 million on each derivative suit, in the action against Anderson. Thus, to allocate $250,000 to each of the Germans for their claims would not necessarily seem to be deceptive. Further, the Germans are asserted to be in their 80’s, and much older than the Schoenheimers. This is also a reason to allocate the proceeds so that the Germans are paid immediately. In the absence of any basis upon which to conclude that the proceeds of the settlement were unjustifiably retained by the Germans, the Schoenheimers were free to reject the settlement and proceed to seek other avenues of recovery, and to allow their elderly parents to settle their claims first.
The parties have not cited any cases which would prevent plaintiffs from allocating settlement proceeds in any way they choose, in the absence of overreaching or fraud. Merely because the allocation agreed upon benefits plaintiffs, and/or is to the detriment of a third party, is no reason to disturb plaintiffs’ choice. Plaintiffs in the Anderson action, and respondents here, were under no obligation to allocate the proceeds in a way which would minimize petitioner’s objections under its insurance policy.
Accordingly, it is hereby ordered and adjudged that the motion to stay arbitration is denied and the petition is dismissed; and it is further ordered that the parties are directed to proceed to arbitration; and it is further ordered that a copy of this decision and judgment be served by petitioner on the arbitral tribunal within 20 days of notice of entry.