■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v DOMENICO DIBELLO, Respondent. [835 NYS2d 576]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered September 6, 2006, which, after a framed issue hearing, denied the petition to stay arbitration of an underinsured motorist claim, unanimously reversed, on the law, without costs, and the petition granted.

Petitioner insurer carried its burden of demonstrating facts to warrant entitlement to a stay on the ground of lack of coverage (*see Matter of New York Cent. Mut. Fire Ins. Co. v Marchesi*, 238 AD2d 135 [1997], *lv denied* 90 NY2d 806 [1997]; *Matter of Empire Mut. Ins. Co. [Greaney—National Union Fire Ins. Co. of Pittsburgh]*, 156 AD2d 154, 155 [1989]) by showing that the injured driver's Bronx residence, as provided in the police accident report and his medical records, differed from the residence in Pelham of the named insured, his daughter, so that the driver was not a "resident in the same household" as the named insured, as required by the policy. The hearing court incorrectly relied upon a deed, apparently submitted after the hearing, showing that the named insured held joint title to the house in which her father resided. There was no evidence that she resided there, which is the unambiguous governing criterion under the policy language (*see e.g. Matter of Aetna Cas. & Sur. Co. v Gutstein*, 80 NY2d 773 [1992]; *Ellen v Lauer*, 210 AD2d 87, 89-90 [1994]). In view of the lack of coverage, we need not address whether the notice of claim was timely or whether the insurer was entitled to discovery. Concur—Saxe, J.P., Friedman, Marlow, Sullivan and McGuire, JJ.