(June 16, 1988)

■ BALBOA INSURANCE COMPANY, Respondent, v ANITA ALSTON et al., Respondents, and NEW HAMPSHIRE INSURANCE COMPANY, Appellant.—Judgment of the Supreme Court, New York County (Hortense Gabel, J.), entered March 31, 1987, which granted the petition of Balboa Insurance Company to permanently stay arbitration under the uninsured motorist endorsement of its policy insuring a vehicle owned by Jessie H. Carter, unanimously reversed, on the law, and the petition denied and dismissed, without costs.

At the hearing upon the petition, the court held that petitioner Balboa Insurance Company had satisfied its burden of going forward by producing a police report of the accident in which respondent Anita Alston, a passenger in the vehicle owned and operated by Jessie A. Carter, was injured. The report, filled out by the responding officer, indicated that the other vehicle involved in the accident was owned by one Louis Madita, and was insured by an insurer with a code number of 235. That is the code assigned to respondent New Hampshire Insurance Company.

Contrary to the conclusion reached by the hearing court, the police report was not admissible as prima facie proof of coverage. As the report itself shows, the information supplied to the responding officer was obtained from someone other than the driver of the Madita vehicle. That person was under

no duty to report upon the coverage of the Madita vehicle. To come within the business record exception to the hearsay rule, statements to the business record entrant must have been made by someone under a contemporaneous business duty to report to the entrant (see, e.g., *Matter of Leon RR,* 48 NY2d 117, 122). As this requirement was not satisfied, the police report and the information contained therein bearing upon the coverage of the Madita vehicle should have been excluded. *Matter of Eagle Ins. Co. v Olephant* (81 AD2d 886), cited by petitioner, is not to the contrary. There, it was the driver of the vehicle who reported the insurance code to the police officer. Although noting that even in this case the business record exception to the hearsay rule would not be properly invoked since there was no contemporaneous business duty involved, the court allowed the statement contained in the police report as proof of coverage, reasoning that the driver was obligated by law to produce his insurance identification card at the officer's request.

As there was no other evidence of coverage, petitioner failed to satisfy its burden of going forward and the petition should have been dismissed. Concur—Murphy, P. J., Sullivan, Ross, Carro and Milonas, JJ.