■ In the Matter of the Arbitration between EMPIRE MU-

TUAL INSURANCE COMPANY, Respondent, and NANCY GREANEY et al., Respondents. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH et al., Appellants.—Judgment of the Supreme Court, New York County (Kristin Booth Glen, J.), entered on or about November 23, 1988, which permanently stayed arbitration of respondents-respondents' claim for uninsured motorist coverage pursuant to CPLR 7503 (b), unanimously reversed, on the law, without costs, judgment vacated, and the matter remanded for trial.

Respondents Nancy Greaney and Clare Greaney were injured on April 16, 1987 when the automobile in which they were riding, driven by Virginia Greaney, collided with a vehicle registered to one Jose Perez. The police accident report lists the sole occupant of the Perez automobile as Ramon Lopez and indicates that he was issued a summons for operating a vehicle without a license. The report further lists the insurance code for the Perez vehicle as 228, the identification code for additional respondent National Union Fire Insurance Company (National). Respondents' attorney served a demand for arbitration dated November 13, 1987 pursuant to the uninsured motorist endorsement of the policy covering the Greaney vehicle. In December 1987, Empire Insurance Group (Empire) brought a petition to permanently stay arbitration on the ground that respondents failed to meet their burden of proof that the Perez vehicle was uninsured at the time of the accident.

At a trial of the issue of insurance coverage, the IAS court admitted a certified copy of the police accident report into evidence, at which point petitioner rested. National presented no witnesses to rebut petitioner's evidence. The IAS court, holding that the burden shifted to respondents to demonstrate that the Perez vehicle was not insured, granted the petition, permanently staying arbitration.

A party moving for relief before a court bears the burden of establishing entitlement to the relief requested. Therefore, an insurer seeking a stay of arbitration has the burden of establishing evidentiary facts sufficient to warrant a stay (Matter of Hanavan [MVAIC], 33 AD2d 1100 [4th Dept 1970]; Matter of Kuhn [MVAIC], 31 AD2d 707 [3d Dept 1968]). The burden of proving the insured status of the offending vehicle is on the insurer seeking the stay, not upon the insured (Superintendent of Ins. v Lilley, 100 AD2d 807 [1st Dept 1984]; Matter of Len [Lumbermens Mut. Cas. Co.], 80 AD2d 682 [3d Dept 1981]). Petitioner has supplied only a certified copy of a police acci-

dent report in support of its contention that the offending vehicle was insured.

Upon this appeal, the parties debate the admissibility of the report, a question which turns on the source of the information contained therein. If the police officer is a witness to the recorded events or if the person relating the information to the officer is under a duty to convey the facts, the report is admissible for the truth of those facts as coming within the business duty exception to the hearsay rule *(Johnson v Lutz,* 253 NY 124). As a general principle, however, the mere fact that information or statements are routinely recorded "imports no guarantee of the truth, or even reliability, of those statements" *(Matter of Leon RR,* 48 NY2d 117, 123).

Petitioner nevertheless contends that no objection was raised as to the introduction of the police accident report and, relying on the Second Department's opinion in *Matter of Peerless Ins. Co. v Milloul* (140 AD2d 346, 348), argues that the IAS court properly received evidence concerning the insurer of the Perez vehicle, contained in the report, to permanently stay arbitration based on its insured status. But even if, arguendo, the notation of the insurance identification code contained in the accident report is properly in evidence, the IAS court nevertheless ignored substantial contrary evidence present in the record which rebuts the prima facie case established by petitioner. An insurance information search conducted by the Department of Motor Vehicles, appended to the affirmation in opposition to the petition, indicates that Jose Perez was insured under the New York State Assigned Risk Plan (identification code 999). Further correspondence with the New York Automobile Insurance Plan, however, indicates that no assignment of Jose Perez to an insurance company was ever made under the Assigned Risk Plan. The provision for immediate trial of issues of fact raised within the context of a special proceeding (CPLR 410) does not obviate the general rule that the court's determination is to be based upon the pleadings, papers and admissions submitted to the court (CPLR 409).

Respondents have offered some reasonably persuasive evidence of noninsurance *(Matter of Albohn v Allstate Ins. Co.,* 51 AD2d 797 [2d Dept 1976])￼ in the form of the reports obtained from the Department of Motor Vehicles and the New York Automobile Insurance Plan. These writings, which are admissible under the business records exception (CPLR 4518 [a]), controvert the insurance information contained in the police accident report, the source of which is unknown. There-

fore, petitioner has not sustained its burden of demonstrating that the Perez vehicle was insured at the time of the accident.

A hearing is therefore required to determine if Empire can demonstrate that the Perez vehicle was insured or that any other policy of insurance covers the accident, either in the name of the owner Perez or the operator Lopez. Concur— Murphy, P. J., Ross, Ellerin, Smith and Rubin, JJ.