■ UNA TAFT, as Administratrix of the Estate of FRANCES THOMAS, Deceased, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [597 NYS2d 374] —Order, Supreme Court, New York County (Alfred Toker, J.), entered February 24, 1992, which granted the defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the motion is denied and the complaint is reinstated, without costs.

The plaintiff instituted this action to recover damages for the wrongful death of the decedent and for the conscious pain and suffering sustained by her prior to her death. The decedent was killed in a subway accident at approximately 6:15 P.M. on January 27, 1982. According to the platform conductor at the 42nd Street station, and reports of the defendant and the New York City Police Department containing his statement, he was approached by an "extremely agitated", unidentified man who told him that approximately one minute earlier, he saw a woman trying to board a train through pantograph gates between cars. She then slipped and was hanging on as the train left the station.

Subway trains are equipped with a "trip cock" emergency system which is activated when the train comes in contact with something on the tracks. The train went into an emergency stop south of the 50th Street station where the decedent was found under the fourth car. The decedent's leather bag was later found on the tracks about 100 to 200 feet north of the 42nd Street station. An autopsy report indicated that the decedent suffered fractures in her skull, spine and pelvis. All of her ribs were broken and her aorta and spinal cord were severed. She also suffered fractures, bruises, abrasions and puncture wounds on various parts of her body. Third degree burns and charring were found on her right foot.

In the complaint and bills of particulars, the plaintiff asserted, *inter alia,* that the defendant was negligent in failing to observe the decedent trying to board the train at the crowded station, in failing to notice that she was hanging on as the train left the station. The defendant moved for summary judgment dismissing the complaint for failure to state a cause of action. The Supreme Court granted the motion, concluding that the statement of the platform conductor, contained in the defendant's reports, was hearsay and inadmissible under any exception to the hearsay rule, inasmuch as the declarant was an unidentified bystander. Since the plaintiff failed to make out a prima facie case without this statement, the court granted the defendant's motion and dismissed the complaint.

We reverse. An excited utterance or spontaneous declaration is admissible as an exception to the hearsay rule since it is made " ' "under the immediate and uncontrolled domination of the senses" ' ", during the brief period when considerations of self-interest are not brought to bear by reasoned reflection; its trustworthiness is thus sufficient for admissibility *(People v Brown,* 70 NY2d 513, 518, quoting *People v*

*Marks,* 6 NY2d 67, 71, *cert denied* 362 US 912, quoting 6 Wigmore, Evidence § 1747 [I] [3d ed]).

The spontaneous declaration exception applies to statements made by bystanders as well as participants *(People v Caviness,* 38 NY2d 227; *People v Brown, supra).* The bystander need not be identified as long as the statements are sufficiently corroborated by other evidence *(see, Cummiskey v Chandris, S.A.,* 719 F Supp 1183, *affd* 895 F2d 107).

In *People v Brown* (80 NY2d 729), the Court of Appeals held that the spontaneous description of events by an unidentified bystander, made substantially contemporaneously with the observation, is admissible under the present sense impression exception to the hearsay rule, if the description is sufficiently corroborated by other evidence. Corroboration is necessary to admit the statement under this exception, because it lacks the reliability that a statement made under shock or excitement affords.

In the instant case, the statement of the declarant, whom the platform conductor described as agitated, gesturing wildly and as if in a state of shock, provides the reliability lacking in a present sense impression statement. In any event, circumstantial evidence exists to corroborate the declarant's statement. The decedent's purse was found several hundred feet north of the 42nd Street station, indicating that it had been attached to or dragged along with the moving train after it pulled out of the station. According to the autopsy report, the decedent's upper extremities were dislocated and there were bruises, abrasions and burns on her lower extremities, supporting an inference that she was holding onto the train while the rest of her body was being dragged along. Moreover, other injuries she sustained would indicate that the decedent slipped between the cars and was hanging on as the train left the station, thus supporting the declarant's statement.

Since the declarant's statement is independently admissible as an exception to the hearsay rule, the reports of the Transit Authority and the New York City Police Department containing the statement are admissible pursuant to CPLR 4518 (a).

Summary judgment is a drastic remedy which should only be granted when it clearly appears that no material and triable issue of fact is presented *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Based on the records containing the declarant's statement and other circumstantial evidence, issues of fact exist regarding the question of the defendant's negligence. The motion for summary judgment

dismissing the complaint should not have been granted. Concur—Sullivan, J. P., Rosenberger, Wallach and Kupferman, JJ.