■ DANIEL LOPEZ, Respondent, v FORD MOTOR CREDIT COMPANY, Appellant, et al., Defendants. [656 NYS2d 257]—Orders, Supreme Court, New York County (Louis York, J.), entered February 28, 1996 and on or about May 6, 1996, which denied defendant-appellant's motion for summary judgment, and, upon reargument, adhered to that decision, unanimously affirmed, without costs.

The motion was properly denied in view of the conflict between the sales invoice, which indicates that appellant sold the offending vehicle several months before the accident, and the police report prepared at the scene of the accident and the police Property Clerk's invoice prepared later that day, which indicate that appellant still owned the vehicle at the time of the accident. The police report is admissible as a business record since the driver of the offending vehicle was under a duty to provide the responding officer with a certificate of registra-

tion (Vehicle and Traffic Law § 401 [4]), and the report indicates that any information as to ownership of the offending vehicle came from this document (*cf., Balboa Ins. Co. v Alston*, 141 AD2d 364). We have considered appellant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Nardelli, Williams and Tom, JJ.