■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARION EDMONDS, Appellant. [674 NYS2d 361] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered December 4, 1996, convicting defendant, after a trial by jury, of criminal possession of a forged instrument in the second degree, grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree and sentencing him, as a second felony offender, to 3 to 6 years in prison on the first count and two concurrent terms of 2 to 4 years, to run consecutively to the first count, unanimously affirmed.

On April 1, 1996, at approximately 11:00 P.M., defendant and Joyce Russell entered a cafe in Greenwich Village and sat at a table next to Sarah Warren and her friends. Warren's handbag, which was open, was at her feet. At a nearby table, Sasha Saponja, who was sitting with his friends, noticed that before sitting down, defendant stood behind Warren's table and looked around the restaurant and that, when he sat down, he quickly bent down to reach in the direction of Warren's table. Within moments, Saponja saw Warren's bag being pushed back in the direction of her table and saw defendant hand something to Russell, who placed the items in her pocket. Saponja immediately alerted a restaurant employee and Warren's brother, whereupon Warren checked her bag and discovered that $40 and a credit card were missing.

The police arrived shortly after and, after asking some questions, searched defendant, finding $40 in his pants pocket and a separate sum of money in his wallet. A credit card bearing Warren's name, $32 in cash and three $100 travelers' checks were found on Russell.

Patrick Molloy, a Citicorp employee, testified that when

travelers' checks were purchased, a person who was purchasing the checks for his or her own use was advised to immediately sign them on the top signature line. When the person wished to cash a check, he or she would countersign it on the bottom signature line. The checks found on Russell had been sold to one Val Chang. On two of the checks, which were admitted into evidence, a signature that appeared to be "Val Chang" on the top signature line had been written over with defendant's name. The bank would not have honored these checks, because two names were written on the top line.

In conjunction with Molloy's testimony, the court admitted into evidence various bank documents relating to the travelers' checks, including a purchase agreement demonstrating that Val Chang had purchased ten $100 travelers' checks, a report of a telephone call during which Ms. Chang had reported the checks stolen, a refund application that indicated that Ms. Chang had stated that the stolen checks bore her signature on the top signature line, a replacement purchase agreement indicating that a refund had been made and certain pedigree information and a computer printout recapitulating the information in the other documents. Except for the purchase agreement, all of these documents were admitted over defense counsel's objection that they were inadmissible hearsay.

Defendant was convicted of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree relating to the credit card, and criminal possession of a forged instrument in the second degree relating to the travelers' checks.

Defendant first argues that his conviction must be reversed because it was based on inadmissible hearsay.

The business-records exception to the hearsay rule, which is applicable in criminal as well as civil cases (CPL 60.10), is codified in CPLR 4518 (a), which provides that "[a]ny writing or record, whether in the form of an entry in a book or otherwise made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter". Furthermore, in order for a record to qualify under this exception to the hearsay rule, "each participant in the chain producing the record, from the initial declarant to the final entrant, must be acting within the course of regular business conduct" (*People v Morrow*, 204 AD2d 356, 357).

Here, defendant argues that his conviction must be reversed because certain evidence contained in Citibank records that were admitted as business records was inadmissible hearsay, since the initial declarant was not under a business duty to make the report.

The prosecution sought to convict defendant of criminal possession of a forged instrument in the second degree in that "with knowledge that it is forged and with intent to defraud, deceive or injure another * * * [defendant] possesse[d] any forged instrument of a kind specified in section 170.10" (Penal Law § 170.25), which would include a check that has been "falsely made, completed or altered" (Penal Law § 170.00 [7]).

Defendant does not contest that admissible evidence demonstrated that he was acting in concert with Joyce Russell in possessing the travelers' checks that were found in her possession, that those checks had been issued by Citibank to one Val Chang, or that, as to two of them, Ms. Chang's name was written on the top signature line and had been overwritten with defendant's.

Clearly, this evidence, in and of itself, established each of the above described elements of the subject offense. Defendant, however, argues that his conviction was tainted by the admission of inadmissible evidence showing that Ms. Chang stated to Citibank that the checks had been stolen, and that prior to the theft she had signed them at the top, and revealing certain pedigree information about Ms. Chang.

Since Ms. Chang had no business duty to report this information, we find that it was inadmissible. However, this inadmissible evidence added little to the prosecution's already overwhelming case and was clearly harmless. Significantly, in order to satisfy its burden of defendant's guilt of this crime, there is no requirement that the prosecution show that the checks were stolen. The only other significant information derived from the inadmissible evidence was the fact that Ms. Chang had signed the checks at the top, a fact which was self-evident from an examination of the checks themselves, which were admitted into evidence. Thus, all the elements of this offense were proven by overwhelming evidence other than the inadmissible hearsay. Under these circumstances, the improper introduction of those portions of the Citibank records that were derived from hearsay was harmless error.

Nor is there any basis for reversal in the fact that the court did not deliver a circumstantial evidence charge as to the forged instrument count. While, as defendant points out, the proof that he was acting in concert in possessing the travelers'

checks bearing his name and found on the companion to whom he had just passed a stolen credit card was circumstantial, that proof was, nevertheless, overwhelming. Moreover, there is no significant probability (*People v Crimmins*, 36 NY2d 230, 242) that the jury would have acquitted defendant had it been instructed that in order to sustain a conviction the evidence must exclude every reasonable hypothesis other than guilt (*see, People v Brian*, 84 NY2d 887). Without any conceivable rationale for why defendant's companion would have signed his name, rather than her own, to the stolen checks if she had possessed them independently of him, the inference that defendant acted in concert with her in possessing the checks was, here, the only reasonable hypothesis to be drawn. Concur—Milonas, J. P., Ellerin, Wallach, Williams and Mazzarelli, JJ.