■ In the Matter of the Arbitration between ALLCITY INSURANCE CO., Appellant, and STEVE IGLESIAS, Respondent, et al., Proposed Respondents. [694 NYS2d 395] —Order, Supreme Court, New York County (Louis York, J.), entered July 23, 1998, which denied petitioner's application pursuant to CPLR 7503 for a temporary stay of an arbitration for uninsured motorist coverage, unanimously reversed, on the law, without costs, and the temporary stay granted pending a hearing to determine whether there was insurance coverage of the vehicle owned by Grand Glass.

Contrary to the motion court's determination, the evidentiary submissions on petitioner's unopposed application raised questions of fact as to the existence of insurance coverage that must be resolved at a hearing (*see, Matter of Empire Mut. Ins. Co. [Greaney]*, 156 AD2d 154). The police accident report included an insurance code for the Grand Glass vehicle. We note that it is unclear whether the person who reported the insurance code was under a duty to provide that information to the police (*see, Lopez v Ford Motor Credit Co.*, 238 AD2d 211; *Balboa Ins. Co. v Alston*, 141 AD2d 364). A factual question is also raised by the printouts of the Department of Motor Vehicles registration record expansions, which show that the alleged respective insurers of the vehicle and its operator had terminated coverage prior to the accident, since such proof is not necessarily dispositive of the issue (*see, Matter of Hanmer*

*v Tofany*, 34 AD2d 383). Thus, the question remains whether petitioner can demonstrate that the Grand Glass vehicle had insurance coverage at the time of the accident, either under a policy held by Grand Glass or by the Grand Glass employee driving the vehicle (*see, Matter of Allstate Ins. Co. [Holmes]*, 173 AD2d 260; *Matter of American Sec. Ins. Co. v Ferrer*, 110 AD2d 503). Concur—Nardelli, J. P., Williams, Tom, Wallach and Andrias, JJ.