■ RICHARD JUPA et al., Respondents, v SYED M. ZAIDI et al., Respondents, and TWENTY FIRST CENTURY, L.P. I (DOROTHY KORNBLITH), Appellant, et al., Defendants. [765 NYS2d 368] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered January 8, 2003, which denied the motion of defendant Twenty First Century, L.P. I (Dorothy Kornblith) (hereinafter Kornblith Franchise) for summary judgment dismissing the complaint and all cross claims, unanimously reversed, on the law, without costs, the motion granted and the complaint and all cross claims against said defendant dismissed. The Clerk is directed to enter judgment in favor of defendant Twenty First Century, L.P. I (Dorothy Kornblith) dismissing the complaint and all cross claims as against it.

Plaintiff Richard Jupa (plaintiff) sustained personal injuries when he was struck by a taxi that allegedly ran a red light at the intersection of Madison Avenue and 23rd Street in Manhattan. Plaintiff alleges that defendant Kornblith Franchise allowed garbage bags and other debris to accumulate at the curbside outside its restaurant, which obstructed the crosswalk forcing plaintiff to maneuver outside of it in order to cross the street.

Subsequently, defendant Kornblith Franchise moved for summary judgment dismissing the complaint and all cross claims, contending that its alleged negligence, if any, in maintaining their premises was not a proximate cause of plaintiff's injuries. Plaintiff stated at deposition that he was inside the crosswalk standing still to observe oncoming traffic before being struck by the taxi. In opposition, plaintiff's counsel referred to, inter alia, a diagram in a police accident report bearing an "X" mark outside the crosswalk, suggesting that plaintiff was outside the crosswalk at the time of impact. In denying the motion, the IAS court reasoned that questions of fact exist as to whether plaintiff was inside or outside the subject crosswalk at the time of the accident. We reverse.

The IAS court erred in denying summary judgment to defendant Kornblith Franchise inasmuch as plaintiff failed to proffer any competent evidence which would raise a triable issue of fact as to proximate cause in order to refute defendant's prima facie entitlement to summary relief (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). At his deposition, plaintiff was unequivocal in his testimony when he repeatedly stated that he was inside the crosswalk standing still before he was struck. Furthermore, the proffered accident report was not competent evidence to be considered by the IAS court since the report was prepared by a police officer who was not an eyewitness to the facts sought to be established (*see Holliday v Hudson Armored Car & Courier Serv.*, 301 AD2d 392, 396 [2003]; *Figueroa v Luna*, 281 AD2d 204 [2001]).

We have considered the plaintiffs' remaining arguments and find them without merit. Concur—Tom, J.P., Sullivan, Rosenberger, Lerner and Friedman, JJ.