■ ALAN STEINHAUS, Respondent, v AMERICAN HOME PRODUCTS CORPORATION, Appellant, et al., Defendant. [795 NYS2d 41]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered February 24, 2004, which denied defendant American Home Products' motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

While he was crossing Lexington Avenue at the intersection with East 60th Street, plaintiff was struck and knocked down by a truck that left the scene of the accident. At a deposition conducted in connection with plaintiff's application for no-fault insurance benefits, he testified that it was still dark at about 6:40 A.M. on December 9, 1998, as he waited for the traffic light to change. On his way to his job as a mail clerk, plaintiff wore dark clothing and carried a black bag. As he crossed the street, he became aware of a truck approaching from behind as it made a left turn from East 60th Street onto Lexington Avenue. As plaintiff watched the truck's cab go past him, he was able to see the driver, whom he described as a dark-haired, middle-aged man. Plaintiff was hit by the back of the truck and spun around. He did not remember the impact, only being on the ground with people standing over him telling him not to move.

Although plaintiff does not recall receiving police assistance, the record contains a form MV-104 police accident report, listing the truck's license plate number and indicating that plaintiff related his belief that the truck driver was unaware of the accident. The record also contains a log of 911 calls made between 6:37 and 6:41 A.M., indicating that anonymous callers had informed the 911 operator that a man had been struck by a white truck bearing the Solgar Vitamin logo. One caller even provided the New Jersey license plate number for the vehicle.

Victor Alini testified that he had been driving a truck for the Solgar Company for 17 years prior to the sale of the business to American Home Products and continued to work for that company for another two years thereafter. On the date of the accident, Mr. Alini was making deliveries in Manhattan in a 24-foot, white truck with the Solgar logo on three sides and the company name on the back. His normal route took him along

60th Street, where he made a left turn onto Lexington Avenue to reach a delivery destination at 39th Street. On the date of the accident, he was the only driver making Manhattan deliveries.

There is no merit to American Home Products' contention that plaintiff failed to make out a prima facie case of negligence against it. Even though the witnesses are not identified, the contemporaneous information provided by the 911 callers is admissible under the present sense impression exception to the hearsay rule because their statements are corroborated by other record evidence (*People v Brown*, 80 NY2d 729, 734-735 [1993]). Mr. Alini's testimony that he drove a truck fitting the description given by several 911 callers through the very intersection where plaintiff testified that he was struck serves to support the substance and content of the anonymous witnesses' statements (*cf. People v Vasquez*, 88 NY2d 561, 576 [1996]). Since the statements are independently admissible, the police reports containing the statements are admissible pursuant to CPLR 4518 (a) (*Taft v New York City Tr. Auth.*, 193 AD2d 503, 505 [1993]). Thus, the evidence serves to identify the offending vehicle as belonging to American Home Products, thereby raising a triable issue of fact as to whether it was negligently operated. Concur—Tom, J.P., Marlow, Sullivan, Nardelli and Williams, JJ.