[844 NYS2d 374]

RACHEL HOCHHAUSER, Appellant, v ELECTRIC INSURANCE COMPANY, Respondent.

Second Department, October 23, 2007

**APPEARANCES OF COUNSEL**

*Lester B. Herzog*, Brooklyn, for appellant.

*Herzfeld & Rubin, P.C.*, New York City (*David Hamm* and *Herbert Lazar* of counsel), for respondent.

## OPINION OF THE COURT

McCARTHY, J.

These appeals present a novel issue as to whether an insured's statement in an insurance investigation report, as well as testimony regarding the statement, are admissible at a hearing under the business records exception to the hearsay rule. We hold that, since an insured lacks a business duty, as opposed to a contractual duty, to report to his or her insurer in the course of its investigation regarding insurance coverage, neither the insured's statement nor testimony regarding such a statement is admissible pursuant to the business records exception to the hearsay rule.

This action arises from a motor vehicle-pedestrian accident that occurred on February 14, 2003, at approximately 1:00 P.M., while the plaintiff, Rachel Hochhauser, was vacationing in Florida. A motor vehicle driven and owned by an uninsured motorist struck the plaintiff while she was crossing a street in a crosswalk. As a result of the accident, the plaintiff sustained, inter alia, fractures of her left leg.

On May 14, 2003, the plaintiff's son, Bernard Hochhauser (hereinafter the insured), submitted a claim to the defendant, Electric Insurance Company (hereinafter the insurer), for uninsured motorist benefits for the plaintiff under his automobile insurance policy with the insurer. The insured claimed that the plaintiff was a resident of his household, thus entitling her to such benefits. The relevant portion of the insured's supplementary uninsured/underinsured motorist endorsement defines "insured" as: "You, as the named insured and, while resident of the same household, your spouse and the relatives of either you or your spouse."

On August 26, 2003, after completing an investigation, which included an interview with the insured, the insurer disclaimed coverage. The disclaimer noted that, in August of 2003, the insured advised the insurer's investigator that the plaintiff resided at an address different than the insured and had for over 30 years. Further, the disclaimer indicated that the insured reported that the plaintiff visits his home, "occasionally spending weekends." The disclaimer notice concluded: "As such,

Rachel Hochhauser is not a resident relative and is not entitled to Personal Injury Protection Coverage under this policy. Therefore, any and all claims are hereby denied."

The plaintiff then commenced this action against the insurer, inter alia, to recover uninsured motorist benefits. Shortly after joinder of issue, the plaintiff moved, in part, for summary judgment seeking, in essence, a declaration that she was entitled to uninsured motorist benefits under the insured's policy. The insurer opposed the plaintiff's motion and cross-moved for summary judgment. In an order dated January 12, 2005, the Supreme Court held the motion and cross motion in abeyance and referred the matter to a Judicial Hearing Officer to hold a hearing on the issue of whether the plaintiff was a resident of the insured's household.

At a hearing held on May 9, 2005, the plaintiff testified that she owns two homes and resides in both of them. The plaintiff further testified that her son, the insured, and his family live in one of the two homes and, prior to the accident, she resided with her son and his family an average of three weekends per month, plus holidays.

The insurer presented insurance investigator Edward Quinn, Jr., as its sole witness. Quinn prepared the insurance investigation report, which concluded that the plaintiff was not a resident of the insured's residence based on his interview with the insured. At the outset of Quinn's testimony, the plaintiff objected, and the Judicial Hearing Officer overruled the objection. Following foundational testimony, the insurer sought to introduce the insurance investigation report into evidence as a business record. The plaintiff again objected, explaining that "anything that is contained in this record which is a recitation of what [the insured] allegedly told to Mr. Quinn is hearsay." The Judicial Hearing Officer overruled the objection and, without further objection, Quinn testified that the insured informed him that the plaintiff stayed with the insured and his family "for a weekend every other month, now since the accident more frequently."

On May 9, 2005, the Judicial Hearing Officer issued a report concluding that, for insurance purposes, the plaintiff was not a resident of the insured's household. On January 14, 2006, the Supreme Court granted the insurer's motion to confirm the Judicial Hearing Officer's report, denied the plaintiff's motion for summary judgment, and granted the insurer's cross motion for summary judgment. The plaintiff appeals, and we reverse the order dated January 14, 2006.

■ We reject the insurer's contention that the plaintiff failed to object to Quinn's testimony on hearsay grounds. CPLR 4017 provides:

> "Formal exceptions to rulings of the court are unnecessary. At the time a ruling or order of the court is requested or made a party shall make known the action which he requests the court to take or, if he has not already indicated it, his objection to the action of the court. Failure to so make known objections, as prescribed in this section . . . may restrict review upon appeal" (*see Horton v Smith,* 51 NY2d 798, 799 [1980]).

Further, "[a]n objection must be clear enough to apprise the court of the nature of the objection" (*Gallegos v Elite Model Mgt. Corp.,* 28 AD3d 50, 59 [2005]). Here, the plaintiff lodged a general objection based on hearsay prior to Quinn's testimony but did not object to Quinn's specific testimony that constituted the hearsay. Since the general objection to both the testimony and the business record apprised the Judicial Hearing Officer that the plaintiff objected on the grounds of hearsay, the plaintiff preserved the issue for appellate review (*see* CPLR 4017; *Gallegos v Elite Model Mgt. Corp.,* 28 AD3d 50 [2005]).

We now turn our focus to whether Quinn's testimony was based on impermissible hearsay and, concomitantly, whether the insurance investigation report was properly admitted into evidence under the business records exception to the hearsay rule. The plaintiff argues that neither the testimony nor the record was properly admitted since the insured lacked a business duty to report information regarding the plaintiff's residence to the insurer.

As often defined, "[h]earsay is 'a statement made out of court . . . offered for the truth of the fact asserted in the statement' " (*People v Goldstein,* 6 NY3d 119, 127 [2005], *cert denied* 547 US 1159 [2006], quoting *People v Romero,* 78 NY2d 355, 361 [1991]; *see Gelpi v 37th Ave. Realty Corp.,* 281 AD2d 392, 392 [2001]). Such a statement " 'may be received in evidence only if [it] fall[s] within one of the recognized exceptions to the hearsay rule, and then only if the proponent demonstrates that the evidence is reliable' " (*Nucci v Proper,* 95 NY2d 597, 602 [2001], quoting *People v Brensic,* 70 NY2d 9, 14 [1987]). Further, in assessing reliability, "a court must decide 'whether the declaration was spoken under circumstances which render . . . it highly probable that it is truthful' " (*Nucci v Proper,* 95 NY2d at 602, quoting *People v Brensic,* 70 NY2d at 14-15).

The business records exception to the hearsay rule provides:

"Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter" (CPLR 4518 [a]).

The basis of the business records exception to the hearsay rule is the trustworthiness of the document (*see* 5 Wigmore, Evidence § 1522, at 442 [Chadbourn rev 1974]; Barker and Alexander, Evidence in New York State and Federal Courts § 8:41, at 875; 6 Frumer and Biskind, Bender's New York Evidence—CPLR § 19.04, at 19-71).

"The essence of the business records exception to the hearsay rule is that records systematically made for the conduct of a business as a business are inherently trustworthy because they are routine reflections of day-to-day operations and because the entrant's obligation is to have them truthful and accurate for purposes of the conduct of the enterprise" (Prince, Richardson on Evidence § 8-301 [Farrell 11th ed], citing *People v Kennedy,* 68 NY2d 569, 578-579 [1986]).

Further, the concern relating to trustworthiness extends to "each participant in the chain producing the [business] record, from the initial declarant to the final entrant" (*see Matter of Leon RR.,* 48 NY2d 117, 122 [1979]). As one treatise explains:

"In the leading case of *Johnson v. Lutz* [253 NY 124] the Court of Appeals read into the business records statute a qualification which, though not traceable to the language of the statute itself, is not controverted as a sound interpretation of the statute's intent. The effect of *Johnson v. Lutz* and its progeny is a refusal by the courts to admit into evidence, *solely* on the strength of the business records statute, those entries in business records which, though otherwise qualified under the statute, are based on information supplied by a person

who was outside of the enterprise and who was not therefore communicating the information under the compulsion of a business duty" (6 Frumer and Biskind, Bender's New York Evidence—CPLR § 19.04 [4], at 19-104 [additional emphasis added]; *see* Prince, Richardson on Evidence § 8-307).

In *Matter of Leon RR.*, relied upon by the plaintiff, the Court of Appeals explained that "each participant in the chain producing the [business] record, from the initial declarant to the final entrant, must be acting within the course of regular business conduct or the declaration must meet the test of some other hearsay exception" (48 NY2d at 122). Thus, the Court of Appeals noted, "not only must the entrant be under a business duty to record the event, but the informant must be under a contemporaneous business duty to report the occurrence to the entrant as well" (*id.*). The Court of Appeals further explained that the "reason underlying the business records exception fails and, hence, the statement is inadmissible hearsay if any of the participants in the chain is acting outside the scope of a business duty" (*id.* at 123; *see Johnson v Lutz,* 253 NY 124, 128 [1930]).

 Here, undisputedly, the insured was outside the insurer's enterprise. Thus, under the rationale presented in both *Johnson v Lutz* and *Matter of Leon RR.,* as well as their progeny, and the policy underlying the business records hearsay exception, the insured's statement regarding the plaintiff's residence and Quinn's testimony regarding that statement are inadmissible hearsay. The insurer, however, argues that the insured had a duty to speak with the insurance investigator based on the underlying contractual duty which requires all insureds to cooperate with their insurer during an insurance investigation.

As the insurer correctly notes, generally an insured has a duty to cooperate in an insurance investigation by its insurer. In fact, typically, an insurer may disclaim coverage where an insured deliberately fails to cooperate with its insurer as required by an insurance policy (*see City of New York v Continental Cas. Co.,* 27 AD3d 28, 31-32 [2005]; *Utica Mut. Ins. Co. v Gruzlewski,* 217 AD2d 903, 903-904 [1995]; *State Farm Fire & Cas. Co. v Imeri,* 182 AD2d 683, 683 [1992]). The insurer, however, fails to support this argument with any case law holding that the duty to cooperate with an insurer equates to a business duty to report information during an insurance investigation, thereby affording a statement given by an insured during

the course of such an investigation the requisite reliability or trustworthiness to fall within the business records exception to the hearsay rule.

There are instances where courts have found a declarant's statement to have the indicia of reliability necessary to be admitted under the business records exception to the hearsay rule due to the relationship of the declarant to the business enterprise or due to a special duty the declarant owed to the business enterprise, thereby providing the declaration with the necessary trustworthiness. For instance, in *People v Cratsley* (86 NY2d 81 [1995]), the Court of Appeals noted that the declarant's statement should be allowed into evidence as the declarant was acting on behalf of the agency which created the business record and in accordance with its requirement (*id.* at 90-91). Significantly, the Court of Appeals explained that, "[w]hile not an . . . employee, [the declarant] was also not a complete outsider" to the enterprise (*id.* at 90). In *Merrill Lynch Bus. Fin. Servs. Inc. v Trataros Constr., Inc.* (30 AD3d 336 [2006]), the court allowed a record into evidence under the business records exception where the record was prepared by a "sister company" (*id.* at 337; *see Chubb & Son v Riverside Tower Parking Corp.,* 267 AD2d 128, 128 [1999] [declarant garage attendant's statement allowed into evidence because he had a business duty imposed by his employer to report the event to the police]; *Lopez v Ford Motor Credit Co.,* 238 AD2d 211, 211-212 [1997] [declarant under statutory duty to provide police officer with certificate of registration]; *Matter of Eagle Ins. Co. v Olephant,* 81 AD2d 886, 887 [1981] [declarant's statement admitted into evidence where the declarant driver "was under legal compulsion to produce" identification card information for the police]; *but see Balboa Ins. Co. v Alston,* 141 AD2d 364, 364-365 [1988] [declarant who reported insurance coverage information to police was not the driver of the vehicle and, thus, had no duty to report]).

Generally, however, the trend has been to prohibit the admission of a business record or a statement within such a record where the declarant is outside the business enterprise because the statement lacks the inherent trustworthiness or indicia of reliability to except it from the general prohibition against admitting an out-of-court statement asserted for the truth of the statement (*see generally* 6 Frumer and Biskind, Bender's New York Evidence—CPLR § 19.04 [4], at 19-106 [noting "if the supplier of information was not acting under a business

duty to communicate accurately the assurance of accuracy that underlies the business records exception does not guarantee the truth of the information supplied even though it may have been scrupulously recorded"]). For instance, in *State Farm Mut. Auto. Ins. Co. v Langan* (18 AD3d 860 [2005]), the court determined that a portion of a police report constituted impermissible hearsay since the eyewitness who gave a statement to the police lacked a business duty to report (*id.* at 862; *see Jupa v Zaidi,* 309 AD2d 606, 607 [2003]; *People v Roberts,* 304 AD2d 364, 364 [2003]; *Pector v County of Suffolk,* 259 AD2d 605, 606 [1999]; *Hatton v Gassler,* 219 AD2d 697, 697 [1995]; *Matter of Christopher B.,* 192 AD2d 180, 184 [1993]). Again in *People v Cruz* (283 AD2d 295 [2001]), the court concluded that a credit card holder lacked a business duty to report a loss to the credit card company and, thus, the declarant's statement was not allowed into evidence (*id.* at 295). Similarly, in *People v Edmonds* (251 AD2d 197 [1998]), the court held that a bank customer was not under a business duty to report her loss of traveler's checks (*id.* at 198). In *Romanian Am. Interests v Scher* (94 AD2d 549 [1983]), the court did not allow records of the New York Board of Fire Underwriters containing reports by an independent adjuster into evidence even though the independent adjuster prepared the reports at the request of the Board (*id.* at 550-551; *see also Matter of Loren B. v Heather A.,* 13 AD3d 998, 1000 [2004] [family members' comments within a psychologist's report not admissible in a Family Court proceeding, as declarants had no business obligation to provide information to the psychologist]; *Matter of Shane MM. v Family & Children Servs.,* 280 AD2d 699, 701 [2001] [Red Cross file not admissible as a business record because it contained statements from persons "who were under no business duty to report such information to the Red Cross"]; *People v Ruff,* 185 AD2d 454, 457-458 [1992], *affd* 81 NY2d 330 [1993] [statement of medical examiner contained in a letter to police agency not admissible as medical examiner lacked a business duty to review the criminal file and render an opinion regarding the cause of the death of the victim eight years after the crime]). Here, notwithstanding the insured's contractual relationship with the insurer, the insured was outside of the insurer's enterprise. Therefore, the insured was not communicating information regarding the plaintiff's residence to the insurer under the compulsion of a business duty (*see generally Matter of Leon RR.,* 48 NY2d 117 [1979]; *Johnson v Lutz,* 253 NY 124 [1930]; *Matter of Loren B. v Heather*

*A.,* 13 AD3d 998 [2004]; *People v Cruz,* 283 AD2d 295 [2001]; *People v Edmonds,* 251 AD2d 197 [1998]). Rather, the insured was acting pursuant to the terms of his contractual relationship with the insurer which requires cooperation in providing requested information during an insurance investigation. Under such circumstances, an insured is acting in his or her own interest and not necessarily in the interest of the insurance enterprise (*cf. People v Cratsley,* 86 NY2d 81 [1995]; *Chubb & Son v Riverside Tower Parking Corp.,* 267 AD2d 128 [1999]; *Lopez v Ford Motor Credit Co.,* 238 AD2d 211 [1997]). In other words, despite potential consequences which may befall an insured who fails to provide accurate and truthful information to, or to cooperate with, an insurer, the insured's statement to the insurance investigator regarding the plaintiff's residence was not made under circumstances which create a high probability that the statement was truthful. The insured's statement within the insurance investigator's report is not, therefore, inherently trustworthy—the very foundation of the business records exception to the hearsay rule (*see generally* 6 Frumer and Biskind, Bender's New York Evidence—CPLR § 19.04 [4], at 19-106). The contractual relationship between the insured and the insurer is, thus, insufficient to cloak the insured's statement with the needed trustworthiness to except it from the general rule prohibiting the admission of hearsay statements into evidence (*accord People v Edmonds,* 251 AD2d 197 [1998]; *Romanian Am. Interests v Scher,* 94 AD2d 549 [1983]). Accordingly, we hold that the insured's statement and testimony regarding that statement lack the requisite indicia of reliability or trustworthiness necessary to allow them into evidence under the business records exception to the hearsay rule (*see Matter of Leon RR.,* 48 NY2d 117 [1979]; *Johnson v Lutz,* 253 NY 124 [1930]).

Without the benefit of the business records exception to the hearsay rule, both Quinn's testimony regarding the insured's statement and the statement itself in the subject business record equate to impermissible hearsay, unless an independent basis for their admission exists (*see Taft v New York City Tr. Auth.,* 193 AD2d 503, 504 [1993]; *Toll v State of New York,* 32 AD2d 47, 50 [1969]). Here, no such independent basis exists. Contrary to the holding of the Supreme Court, the insured's statement is not admissible as a statement against interest (*see Kelleher v F.M.E. Auto Leasing Corp.,* 192 AD2d 581, 583 [1993]; *Basile v Huntington Util. Fuel Corp.,* 60 AD2d 616, 617 [1977]; *Jamison v Walker,* 48 AD2d 320, 323 [1975]).

Having resolved the hearsay issue, we now must consider whether the Supreme Court properly granted the insurer's motion to confirm the Judicial Hearing Officer's report. Our power to review the evidence is as broad as that of the trial court, bearing in mind that in a close case, the factfinder had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]; *Tornheim v Kohn,* 31 AD3d 748, 748 [2006]; *Riverside Capital Advisors, Inc. v First Secured Capital Corp.,* 28 AD3d 452, 454 [2006]; *Universal Leasing Servs. v Flushing Hae Kwan Rest.,* 169 AD2d 829, 830 [1991]). Moreover, with regard to the specific issue of the plaintiff's residence, we note that a person may have more than one residence for the purposes of insurance coverage (*see Matter of Prudential Prop. & Cas. Ins. Co. [Galioto],* 266 AD2d 926, 926 [1999]). ''Whether a person is a 'resident' of an insured's 'household' requires 'something more than temporary or physical presence and requires at least some degree of permanence and intention to remain' '' (*Matter of State Farm Mut. Auto. Ins. Co. v Nicoletti,* 11 AD3d 702, 702 [2004], quoting *New York Cent. Mut. Fire Ins. Co. v Kowalski,* 195 AD2d 940, 941 [1993]; *see Lindner v Wilkerson,* 2 AD3d 500, 501-502 [2003]; *Government Empls. Ins. Co. v Paolicelli,* 303 AD2d 633, 633 [2003]).

Here, the Supreme Court improperly granted the insurer's motion to confirm the Judicial Hearing Officer's report as a contrary conclusion is warranted by a consideration of the admissible facts (*cf. Tornheim v Kohn,* 31 AD3d at 748). Without either Quinn's testimony or the insurance investigation report, the insurer failed to rebut the plaintiff's testimony that she maintained a residence at both her own household and at the household of the insured. The plaintiff's testimony established that she is the sole owner of the home in which the insured resides, spends weekends and holidays in the home, has a key to the home, maintains her own bedroom in the home, in which she keeps clothing and necessaries, and pays the heating, water costs and real estate taxes for the home (*see Matter of Prudential Prop. & Cas. Ins. Co. [Galioto],* 266 AD2d at 926; *accord Matter of Allstate Ins. Co. [Rapp],* 7 AD3d 302, 303 [2004]; *Canfield v Peerless Ins. Co.,* 262 AD2d 934 [1999]; *cf. Matter of State Farm Mut. Auto. Ins. Co. v Nicoletti,* 11 AD3d at 702; *Government Empls. Ins. Co. v Paolicelli,* 303 AD2d 633, 634 [2003]).

In addition, the Supreme Court improperly granted the insurer's cross motion for summary judgment since the insurer

failed to make a prima facie showing of entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York,* 49 NY2d 557 [1980]). Rather, the Supreme Court should have granted the plaintiff's motion for summary judgment as the plaintiff demonstrated her prima facie entitlement to such relief which, as discussed, the insurer failed to rebut (*id.*).

Therefore, the appeal from the order dated January 12, 2005, directing a hearing, is dismissed, on the ground that no appeal lies as of right from an order which directs a hearing to aid in the disposition of a motion and leave to appeal has not been granted (*see Matter of Chiakpo v Obi,* 255 AD2d 579, 580 [1998]), and in any event, the order dated January 12, 2005, was superseded by the order dated January 14, 2006; the order dated January 14, 2006, is reversed, on the law, the insurer's motion to confirm the report of the Judicial Hearing Officer is denied, the plaintiff's motion for summary judgment is granted, the insurer's cross motion for summary judgment is denied, and the matter is remitted to the Supreme Court, Kings County, for a determination as to the appropriate damages and, since this is, in effect, an action, inter alia, for a declaratory judgment, the entry of a judgment, inter alia, declaring that the insurer is obligated to provide uninsured motorist benefits to the plaintiff (*see Lanza v Wagner,* 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The parties' remaining contentions either are without merit or do not need to be addressed in light of our determination.

SPOLZINO, J.P., GOLDSTEIN and FISHER, JJ., concur.

Ordered that the appeal from the order dated January 12, 2005, is dismissed; and it is further,

Ordered that the order dated January 14, 2006, is reversed, on the law, the defendant's motion to confirm the report of the Judicial Hearing Officer is denied, the plaintiff's motion for summary judgment is granted, the defendant's cross motion for summary judgment is denied, and the matter is remitted to the Supreme Court, Kings County, for a determination as to the appropriate damages, and thereafter for the entry of a judgment, inter alia, declaring that the defendant is obligated to provide uninsured motorist benefits to the plaintiff; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.