George Zouvelos, Appellant,
against
Annette Hamilton, Respondent.



Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered October 1, 2014. The order granted defendant's motion, pursuant to CPLR 5015 (a) (3), to vacate a judgment of the same court entered February 27, 2014 "to the extent of restoring the action back to the trial calendar before the undersigned judge" on a specified date, and stayed enforcement of the judgment in the interim.




ORDERED that the appeal is dismissed.
Plaintiff commenced this small claims action to recover damages based upon a breach of a bail bond contract. Following a nonjury trial, a judgment was entered on February 27, 2014 awarding plaintiff the sum of $2,301. Defendant subsequently moved to vacate the judgment pursuant to CPLR 5015 (a) (3). By order entered October 1, 2014, the Civil Court (Harriet L. Thompson, J.) granted defendant's motion "to the extent of restoring the action back to the trial calendar before the undersigned Judge" on a specified date, and stayed enforcement of the judgment in the interim. 
While the Civil Court's order is ambiguous, under neither interpretation of the order does this appeal lie. To the extent that the order can be interpreted as not deciding defendant's motion, but rather only requiring the parties to appear in court for a hearing on the motion, no appeal lies from an order which does not decide a motion but merely directs a hearing to aid in the disposition of the motion (see Hochhauser v Electric Ins. Co., 46 AD3d 174, 185 [2007]; Cach, LLC v Harris, 27 Misc 3d 129[A], 2010 NY Slip Op 50603[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). On the other hand, if the order granted defendant's motion to the extent of ordering a new trial in this small claims action without vacating the judgment, the order does not constitute a denial of substantial justice, since the effect of the order is only to require the parties to proceed to trial and, therefore, the order is not appealable (see CCA 1807; Mi Kim v Sobelman, 34 Misc 3d 146[A], 2012 NY Slip Op 50162[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; see also Feinstein v Lagios, 12 Misc 3d 128[A], 2006 NY Slip Op 50917[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]). Accordingly, the appeal is dismissed.
Solomon, J.P., Weston and Elliot, JJ., concur.
Decision Date: November 17, 2016