Matter of State Farm Mut. Auto. Ins. Co. (Cedeno) (2024 NY Slip Op 51089(U))

[*1]

Matter of State Farm Mut. Auto. Ins. Co. (Cedeno)

2024 NY Slip Op 51089(U)

Decided on August 21, 2024

Supreme Court, Bronx County

Crawford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 21, 2024
Supreme Court, Bronx County

In the Matter of the Petition of 
 State Farm Mutual Automobile Insurance Company, Petitioner, For an order staying arbitration attempted to be had by Rosa Cedeno, 
 SKY CEDENO, and HUMBERTO CEDENO, Respondents, and JUANA MARTINEZ, GEICO GENERAL INSURANCE COMPANY, ISOLINO MARTINEZ, 
 ALLSTATE INSURANCE COMPANY and ROMULO MARTINEZ, Proposed Additional Respondents.

Index No. 804311/2024E

Ashlee Crawford, J.

Petitioner State Farm Mutual Automobile Insurance Co. commenced this proceeding pursuant to CPLR § 7503 to stay arbitration demanded by respondents Rosa Cedeno, Sky Cedeno, and Humberto Cedeno on their claim for uninsured/underinsured motorist coverage. The Cedenos and proposed additional respondent GEICO General Insurance Company ("GEICO") separately oppose the petition. Proposed additional respondents Allstate Insurance Company, Romulo Martinez, Isolino Martinez, and Juana Martinez have not appeared.
Background
At issue is an uninsured/underinsured motorist endorsement issued by State Farm to respondents Rosa Cedeno and Humberto Cedeno, providing uninsured motorist coverage for the relevant period (Ex. B to Petition [Policy]).
According to respondents' counsel, on May 6, 2023, Humberto Cedeno was driving, and Rosa Cedeno and Sky Cedeno were passengers in, a motor vehicle which was involved in an accident with a 2010 Honda Civic operated by proposed additional respondent Romulo Martinez, bearing New York license plate No. FCW5051, VIN No. 2HGFA1F53AH568001 (Davoli Affirm. in Opp. & Ex. 1 [Demand for Arbitration]). 
On February 14, 2024, GEICO disclaimed coverage for the claim to Romulo Martinez "because the 2010 Honda, vin No. 2HGFA1F53AH568001 bearing plate number FCW5051 is not a listed vehicle under the auto policy and does not meet the definition of an owned auto, non-owned auto or a temporary substitute." GEICO further cited the fact "the vehicle is owned by Juana Martinez who does not meet the definition of a resident relative as defined under the auto [*2]policy and is therefore not a covered person" (Ex. E to Petition [Disclaimer Letter]).
Thereafter, the Cedeno respondents, citing GEICO's disclaimer of coverage, submitted a claim to State Farm under their uninsured motorist policy and demanded arbitration of the claim (Ex. A to Petition [Demand for Arbitration]; see arbitration provision in the Policy at ¶ 11[a]). This special proceeding ensued.
Discussion
State Farm argues that respondents have not established a valid claim for uninsured motorist coverage, because they have not established that the Honda Civic lacked coverage, and, therefore, they may not proceed with the demanded arbitration (Petition). State Farm notes there is no police accident report or any other documentation of the alleged accident. It submits a Department of Motor Vehicles ("DMV") Insurance Activity Expansion showing the Honda Civic was registered to proposed additional respondent Juana Martinez and insured by GEICO (Ex. D to Petition); and relies on GEICO's disclaimer letter as proof that GEICO had set up a claim for its policy holder, proposed additional respondent Isolino Martinez, before disclaiming coverage. In addition, State Farm submits an insurance carrier discovery report it ran for the Honda Civic, showing an Allstate policy for Romulo Martinez, with Juana Martinez as a listed driver (Ex. F to Petition).
State Farm asserts that it has established, prima facie, the existence of insurance coverage on the Honda Civic and that the burden now shifts to respondents to prove the vehicle was not insured. To the extent respondents are unable to meet their burden, State Farm asks the Court to permanently staying the arbitration or, alternatively, to temporarily stay the arbitration pending a framed issue hearing and/or the completion of discovery (Petition).
In opposition, counsel for the Cedeno respondents states in his affirmation that at the time of the accident, the vehicle operated by Romulo Martinez was insured by GEICO, and that GEICO's denial of coverage triggered State Farm's uninsured motorist coverage of respondents. There is no sworn statement from the Cedenos or Romulo Martinez in the record, and no evidentiary support for counsel's statements other than GEICO's disclaimer letter. Respondents do not oppose State Farm's request for certain discovery (Davoli Affirm. in Opp.).
GEICO opposes State Farm's petition only to the extent it seeks to join GEICO, Juana Martinez, and Isolino Martinez as additional respondents to this proceeding. It submits an affirmation from its trial preparation underwriter, Robert Smid, who states that GEICO did not insure a 2010 Honda Civic bearing New York license plate no. FCW5051, VIN no. 2HGFA1F53AH568001. Rather, Smid states, GEICO insured a 2010 Honda Civic owned by Isolino Martinez and Juana Martinez, bearing New York plate no. GMW1327 and VIN no. 2HGFAAF92AH548082, under policy no. 4161611209, and attaches a copy of that policy (Leone Affirm. in Opp. & Ex. A [Smid Affirm.]). GEICO also submits an affirmation from Juan Martinez, the son of Juana Martinez and Isolino Martinez, stating that he has lived with his parents for the last forty-five years and that his parents own a 2010 Honda Civic bearing license plate no. GMW1327, VIN no. 2HGFAAF92AH548082, which differs from the Honda Civic allegedly involved in the accident (Ex. B to Leone Affirm. in Opp. [Martinez Affirm.]). 
State Farm, in reply, argues that GEICO's opposition raises an issue of fact requiring a hearing as to who insured the tortfeasor vehicle (the DMV Insurance Activity Expansion lists GEICO as the insurer; the carrier discovery report lists Allstate as the insurer). It submits a letter from Allstate indicating that Romulo Martinez carries an Allstate automobile liability policy, although it appears that no claim has been submitted to Allstate and it is not clear whether that [*3]policy was in place at the time of the accident (Kontaxis Affirm. in Reply & Ex. A [Allstate Letter]). 
"[A]n insurer seeking a stay of arbitration has the burden of establishing evidentiary facts sufficient to warrant a stay" (Matter of Empire Mut. Ins. Co. (Greaney), 156 AD2d 154, 155 [1st Dept 1989]). "The burden of proving the insured status of the offending vehicle is on the insurer seeking the stay, not upon the insured" (id.) "Where, however, there is a genuine triable issue[,] the appropriate procedure is to stay arbitration pending a trial of the threshold issue" (AIU Ins. Co. v Cabreja, 301 AD2d 448, 449 [1st Dept 2003][internal citation and quotation marks omitted]; see also Progressive Ins. Co. v Bartner, 171 AD3d 598 [1st Dept 2019]).
Here, State Farm has met its burden only to the extent that a temporary stay of the arbitration is appropriate pending the completion of discovery and a framed issue hearing. The proofs submitted by the parties raise a genuine triable issue as to whether the subject vehicle was insured at the time of the alleged accident and, if so, by which insurer (see Matter of Progressive Ins. Co. v Bartner, 171 AD3d at 598; AIU Ins. Co. v Cabreja, 301 AD2d at 449; Matter of Eagle Ins. Co. [Villegas — State Farm Mut. Auto. Ins. Co.], 307 AD2d 879, 880 [1st Dept 2003]; In re Allcity Ins. Co. (Iglesias), 264 AD2d 580 [1st Dept 1999]). For these reasons, it is hereby
ORDERED, that State Farm's petition to stay the uninsured motorist arbitration is GRANTED only to the extent the arbitration is temporarily stayed pending the completion of discovery and a framed issue hearing on whether the subject vehicle was insured at the time of the alleged accident and, if so, by which insurer; and it is further
ORDERED, that proposed additional respondents GEICO General Insurance Company, Allstate Insurance Company, Romulo Martinez, Isolino Martinez, and Juana Martinez are joined as additional respondents and the caption shall be amended as follows:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------------------x
In the Matter of the Petition of
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY,                                                                 Petitioner,
For an order staying arbitration attempted to be had by
ROSA CEDENO, SKY CEDENO, and
HUMBERTO CEDENO,                                                                   Respondents,                           
-and-
JUANA MARTINEZ, GEICO GENERAL INSURANCE
COMPANY, ISOLINO MARTINEZ, ALLSTATE
INSURANCE COMPANY and ROMULO MARTINEZ,                                                         Additional Respondents.
-------------------------------------------------------------------------------x
; and it is further
ORDERED, that petitioner shall file an amended notice of petition and amended petition and shall serve same, together with a copy of this order with notice of entry, upon respondents [*4]and additional respondents within thirty (30) days of entry of this order; and it is further
ORDERED, that the parties shall proceed with discovery pending the next appearance; and it is further
ORDERED, that all parties shall appear for a preliminary conference on December 11, 2024, at 9:30 AM.
This constitutes the decision and order of the Court.
_________________________________
HON. ASHLEE CRAWFORD, A.J.S.C.
Dated: August 21, 2024
Bronx, New York