Tomlinson v Enterprise-2411 Hempstead (2025 NY Slip Op 51169(U))

[*1]

Tomlinson v Enterprise-2411 Hempstead

2025 NY Slip Op 51169(U)

Decided on July 17, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 17, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, ELENA GOLDBERG-VELAZQUEZ, JJ

2024-679 N C

Quanne Tomlinson, Appellant,
against
Enterprise-2411 Hempstead, Respondent. 

Quanne Tomlinson, appellant pro se.
Rankin Savidge, PLLC (Edward J. Savidge of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (Robert E. Pipia, J.), dated June 20, 2024. The order granted defendant's motion to dismiss the complaint.

ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action to recover for damage sustained in an automobile accident to a vehicle he claimed to own. Plaintiff appeals from an order of the District Court (Robert E. Pipia, J.) dated June 20, 2024, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) based upon plaintiff's lack of standing.
"On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (U.S. Bank N.A. v Marrero, 221 AD3d 631, 633 [2023] [internal quotation marks omitted]; see Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d 79, 90 [2021]). "To defeat a defendant's motion to dismiss, the plaintiff has no burden of establishing its standing as a matter of law, but must merely raise a question of fact as to the issue" (Sizova v Union Mut. Fire Ins. Co., 217 AD3d 1007, 1008 [2023] [internal quotation marks omitted]; see Sikh Forum, Inc. v Saluja, 227 AD3d 1024, 1025 [2024]).
Here, defendant established, prima facie, plaintiff's lack of standing as a matter of law through its submission of the police accident report, which identified a Washington-based limited liability company as the owner of the vehicle plaintiff was driving when the accident occurred (see Lopez v Ford Motor Credit Co., 238 AD2d 211, 211-212 [1997]; Brijadder v Uddin, 27 Misc 3d 129[A], 2010 NY Slip Op 50598[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). In response, plaintiff failed to raise a question of fact. Thus, the District Court properly granted defendant's motion to dismiss the complaint based upon plaintiff's lack of standing (see [*2]Sikh Forum, Inc. v Saluja, 227 AD3d at 1025; Sizova v Union Mut. Fire Ins. Co., 217 AD3d at 1008; Wilmington Trust, N.A. v Teo, 204 AD3d 735, 737 [2022]).
Accordingly, the order is affirmed.
GARGUILO, P.J., DRISCOLL and GOLDBERG-VELAZQUEZ, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 17, 2025